UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM A SORRELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14-CV-00378-AGF |
| ) | |
| ADT, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's unopposed motions to exclude opinions and testimony of Defendant's experts Timothy Lalk and Sharron Hughes. For the reasons set forth below, these motions shall be granted.

## BACKGROUND

This case arises out of a traffic accident on December 12, 2013, in which one of Defendant's employees rear-ended Plaintiff's vehicle, allegedly causing severe injuries which necessitated emergency surgery and resulted in traumatic brain damage to Plaintiff. Plaintiff filed suit in this Court on February 26, 2014, on the basis of 28 U.S.C. § 1332 diversity jurisdiction, alleging that Defendant's employee was acting in the scope of his employment at the time of the accident, and asserting state-law negligence claims against Defendant as his employer.

One of Defendant's experts is Timothy Lalk, a vocational rehabilitation specialist, retained to provide opinions regarding Plaintiff's potential rehabilitation. Lalk stated in his Preliminary Vocational Rehabilitation Report, dated April 1, 2015, and at his deposition on May 19, 2015, that he was unable to conduct a vocational rehabilitation

evaluation on Plaintiff because Plaintiff has not undergone therapy, and thus Lalk lacked sufficient information on which to form a professional opinion. (Doc. No. 33-2 at 6.) Based on this testimony, on June 8, 2015, Plaintiff moved to exclude the testimony of Lalk under Federal Rule of Evidence 702, arguing that Lalk lacks sufficient data to form a professional opinion on Plaintiff's vocational rehabilitation. Plaintiff argues that Lalk's remaining testimony, that no one can properly evaluate Plaintiff's potential for vocational rehabilitation until he has further therapy, is irrelevant and improper as it comments on the credibility of other experts to testify on this matter. Defendant did not respond to Plaintiff's motion, and the time to do so has passed.

The other expert retained by Defendant, who is the subject of the second motion to exclude, is Sharron Hughes, a nurse case manager who was retained to evaluate and provide opinions on Plaintiff's Life Care Plan ("LCP"). In her report, dated April 10, 2015, Hugues testified that she was unable to fully evaluate Plaintiff's LCP and determine the type of care he will likely require in the future because he has not undergone certain rehabilitation therapies and evaluations. (Doc. No. 35-1 at 2.) On June 8, 2015, Plaintiff moved to exclude the testimony of Hughes under Rule 702, raising nearly identical arguments as those raised with respect to Lalk. Defendant did not respond to this motion either, and the time to do so has passed.

## DISCUSSION

The admission of expert testimony in federal court is governed by Federal Rule of Evidence 702. *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The rule was amended in 2000 in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), which charged trial judges with a "gatekeeping" role to exclude unhelpful and unreliable expert testimony.

"As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *First Union Nat'l Bank v. Benham*, 423 F.3d 855, 862 (8th Cir. 2005). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Id.*

Here, both experts have themselves stated that they lack sufficient facts upon which to form the opinions for which they were retained. Plaintiff has shown, and Defendant has not rebutted, that the experts cannot, based on the facts currently available, give any opinions which are both relevant to this case and properly admissible under Rule 702. *See* Fed. R. Evid. 702(b).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to exclude opinions and testimony of Defendant's experts Timothy Lalk and Sharron Hughes are **GRANTED**. (Doc. Nos. 32 & 34.)

                                              AUDREY G. FLEISSIG
                                              UNITED STATES DISTRICT JUDGE

Dated this 23rd day of June, 2015.